Minimum Mandatory YES
Rule 35/5K1.1 NO
Appeal Waiver YES
Other YES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:18 CR 43 |
| | ) |
| FREDDIE SHAW JR. | ) |

SUMMARY OF PLEA AGREEMENT

DEFENSE COUNSEL:

Marvin Paul Hicks, III

STATUTES CHARGED:

Count 1 – 18 U.S.C. §922(g) – Possession of a Firearm by a Prohibited Person

Count 2-- 18 U.S.C. §924(c)– Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Count 3—21 U.S.C. §841 –Possession with Intent to Distribute Marijuana

COUNT PLEADING TO:

Count 1 – 18 U.S.C. §922(g) – Possession of a Firearm by a Prohibited Person

STATUTORY PENALTIES:

COUNT 1: PURSUANT TO U.S.C. 924(E):
Imprisonment of not more than life and **NOT LESS** than 15 years;
Fine of not more than $250,000;
Supervised release term of not more than 5 years;
Forfeiture of all forfeitable assets;
$100 special assessment.

*Other-FOIA and Fed. R. Crim. P. 11(f) waivers; Plea agreement offered pursuant to Fed. R. Crim. P. 11(c)(1)(C)

**ELEMENTS OF THE OFFENSE:**

**COUNT 1:**

**First:** The defendant knowingly possessed a firearm in or affecting commerce; and

**Second:** That before the defendant possessed a firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is a felony offense.

**TERMS OF PLEA AGREEMENT:**

- Defendant will plead guilty to Count 1 of the Indictment.

- The government will not object to a recommendation by the U.S. Probation Office that Defendant receive an appropriate reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines, and, if Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b).

- Defendant agrees to forfeit his interest in the property listed in the Indictment and plea agreement and agrees to sign a Consent Order of Forfeiture.

- At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

- Defendant waives his right to appeal on any ground, (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute) with only three exceptions: he may appeal his sentence if (1) that sentence exceeds the statutory maximum, (2) that sentence exceeds the advisory Guidelines range determined by this Court at sentencing, or (3) the government appeals. By signing the plea agreement, Defendant explicitly instructs his attorney not to file an appeal unless one of the three exceptions is met.

- Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

- Defendant waives all rights to request information about the investigation and prosecution of his case under the Freedom of Information Act or the Privacy Act.

- Defendant waives the protections of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If the Court accepts this plea agreement and Defendant then fails to plead guilty, or later withdraws his guilty plea, all statements made by him in connection with that plea, and any leads derived therefrom, shall be admissible for any and all purposes.

- The government agrees not to file a 21 U.S.C. section 851 enhancement against Defendant.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | 2:18 CR 43 |
| ) | |
| FREDDIE SHAW JR.  ) | |

## PLEA AGREEMENT

Defendant Freddie Shaw Jr., represented by his counsel Marvin Paul Hicks, III, and the United States of America, represented by Assistant United States Attorney Jennifer Kirkland, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 922(g)(1).

2. <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in Count One are (1) that Defendant knowingly possessed a firearm in or affecting commerce; and (2) that, before possessing the firearm, Defendant had been convicted of a felony, that is, a crime punishable by imprisonment for more than one year.

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements: On or about July 21, 2018 in Glynn County, within the Southern District of Georgia, the defendant, **FREDDIE SHAW JR.**, who before that time had been convicted of a

felony offense, an offense punishable by imprisonment for a term exceeding one year, did unlawfully and knowingly possess in and affecting commerce, a firearm, that is a Hi-Point Model C 9, 9mm pistol, which had previously been transported in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject him to the following maximum possible penalties: Not more than ten years imprisonment; a fine of not more than $250,000; and not more than three years supervised release with a $100 special assessment. But if the defendant is found to have three previous convictions for a violent felony or serious drug offense, or both, committed on occasions different from one another pursuant 924(e): Defendant's guilty plea will subject him to a mandatory minimum penalty of 15 years imprisonment and maximum of life imprisonment; a $250,000 fine and such restitution as may be ordered by the Court. The Court additionally is obliged to impose a $100 special assessment.

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5. <u>Court's Use of Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Use of Information</u>

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

   b. <u>Acceptance of Responsibility</u>

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section

3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

7.   Financial Obligations and Agreements

    a.   Special Assessment

Defendant agrees to pay a special assessment in the amount of $100.00 payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

    b.   Required Financial Disclosures

Not later than 30 days after the entry of his guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

    c.   Forfeiture

The Defendant agrees to forfeit his interest in a Hi-Point Model C 9, 9mm pistol and related ammunition.

Defendant states that he is the sole and rightful owner of the Subject Property, that, to the best of his knowledge, no other person or entity has any interest in the Subject Property, and that he has not transferred, conveyed, or encumbered his interest in the Subject Property. Defendant agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property to the United

States, including but not limited to the signing of a consent order or decree, a stipulation of facts regarding the transfer and basis for the forfeiture, and any other documents necessary to effectuate such transfer. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such a document has already been filed, Defendant hereby withdraws that filing.

Defendant waives and abandons all right, title, and interest in the Subject Property. In addition, Defendant waives and abandons his interest in any other property that may have been seized in connection with this case.

Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Defendant agrees to waive any and all constitutional, statutory, and equitable challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in this case. Defendant specifically agrees to waive any claims, defenses or

challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

d. *Financial Examination*

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

e. *No Transfer of Assets*

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon her by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

f. *Material Change in Circumstances*

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

g. *Enforcement*

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the

Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

8. <u>Waivers</u>

   a. <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

   b. <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

   c. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

9.    <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

10.  <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

11.  <u>Breach of Plea Agreement</u>

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, or commits another state, local or federal offense, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

12. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

_____        _____
Date                           Brian T. Rafferty
                               Chief, Criminal Division

10/8/18                        _____
_____               
Date                           Jennifer Kirkland
                               New York Bar No. 4838611
                               Assistant United States Attorney

Page **10** of **12**

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

10/6/18
Date

_Freddie Shaw_
Freddie Shaw Jr.
Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

10/6/18
Date

Marvin Paul Hicks, III
Defendant's Attorney

Page 11 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:18 CR 43 |
| | ) |
| FREDDIE SHAW JR. | ) |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 25 day of October 2018.

_____
HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA