IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| FREDDIE SHAW, JR., | |
| Movant, | CIVIL ACTION NO.: 2:20-cv-112 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 2:18-cr-43) |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Freddie Shaw ("Shaw"), who is currently housed at the Federal Correctional Institution in Butner, North Carolina, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Shaw's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Shaw *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

Shaw was charged by indictment with possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). United States v. Shaw, 2:18-cr-43 ("Crim. Case"), Doc. 1. The Government notified the Court on October 9, 2018, it had reached a plea agreement with Shaw. Crim. Case, Doc. 20. As part of the plea, the Government notified Shaw he faced a sentence of not more than life imprisonment but not less than 15 years' imprisonment on the

possession of a firearm by a convicted felon count to which he was pleading guilty.  Id. at 1, 5.  On February 1, 2019, the Honorable Lisa Godbey Wood sentenced Shaw to 188 months' imprisonment and dismissed the remaining counts of the indictment, and judgment was entered on February 7, 2019.  Crim. Case, Docs. 30, 32.  Shaw did not file a direct appeal.

Shaw signed his § 2255 Motion on September 9, 2020, it was stamped by prison officials on October 9, 2020, and it was filed in this Court on October 20, 2020.  Doc. 1.  In his Motion, Shaw claims his counsel was ineffective by advising him the Government would seek a life sentence if Shaw challenged anything and by failing to advise Shaw he could challenge his armed career criminal designation during plea negotiations.  Id. at 2.  In addition, Shaw asserts counsel was ineffective by not objecting to the armed career designation during the Pre-Sentence Investigation Report ("PSR") process, as two of Shaw's convictions were "low-level drug crimes[.]"  Id. at 4.  Shaw also asserts his trial counsel should have challenged the constitutionality of the Armed Career Criminal Act ("ACCA") as applied to Shaw, especially the definition of "serious drug offense[.]"  Id. at 6.

## DISCUSSION

**I.      Whether Shaw's Motion is Timely**

To determine whether Shaw filed his § 2255 Motion in a timely manner, the Court must look to the applicable statute of limitations periods.  Motions made pursuant to § 2255 are subject to a one-year statute of limitations period.  28 U.S.C. § 2255(f).  This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

    Shaw was sentenced to 188 months' imprisonment on February 1, 2019, and the Court's final judgment was entered on February 7, 2019. Crim. Case, Docs. 30, 32. Shaw had 14 days, or until February 21, 2019, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Shaw did not file an appeal, he had until February 21, 2020, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). However, he did not execute his § 2255 Motion until September 9, 2020, and it was filed on October 20, 2020. Consequently, Shaw's Motion is untimely under § 2255(f)(1) by more than six months' time. Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late." (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999))).

    Shaw recognizes he filed his § 2255 Motion more than a year after his judgment was final. Doc. 1 at 8. He fails to argue he is entitled to the statute of limitations period set forth in § 2255(f)(2), (3), or (4). However, Shaw states the statute of limitations period should be equitably tolled, and the Court must now determine whether Shaw is entitled to equitable tolling of the applicable statute of limitations period.

**II.     Whether Shaw is Entitled to Equitable Tolling**

In support of his argument he is entitled to equitable tolling of the statute of limitations, Shaw asserts his attorney did not advise him about a potential § 2255 motion, and he failed to timely file his motion due to the attorney's negligence and misleading advice.  Doc. 1 at 8.  Shaw also states he has been diligently pursuing his rights, but the COVID-19 pandemic caused "numerous extraordinary circumstances" outside of his control, such as a lockdown.  Id.; Doc. 44-1 at 12.  Shaw further states the facility where he is housed does not provide access to relevant state statutes.  Doc. 1 at 8; Doc. 44-1 at 12.

The applicable limitations period is not jurisdictional, and, as a consequence, the established one-year limitation "is subject to equitable tolling in appropriate cases."  Holland v. Florida, 560 U.S. 631, 645 (2010).  "A movant 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing.'"  Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (quoting Holland, 560 U.S. at 649).  Equitable tolling is typically applied sparingly and is available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  "The [movant] bears the burden of proving his entitlement to equitable tolling," Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both."  Williams v. Owens, No. CV113-157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)); Damren v. Florida, 776 F.3d 816, 821–22 (11th Cir. 2015).

Shaw fails to show he was pursuing his rights diligently and some extraordinary circumstance prevented him from executing his § 2255 Motion prior to September 9, 2020.

4

Shaw offers no argument relating to his diligent pursuit of his rights prior to any lockdown. Additionally, the lockdown status of an institution due to the COVID-19 pandemic does not present an extraordinary circumstance. Debona v. United States, Case No. 2:20-cv-537, No. 2:15-cr-157, 2021 WL 778820, at *2 (M.D. Fla. Mar. 1, 2021) (finding COVID-19 restrictions did not excuse movant's untimeliness or present extraordinary circumstance); Phillips v. United States, Case No. 8:20-cv-1862-T-27AAS, 2021 WL 679259, at *3 (M.D. Fla. Feb. 22, 2021) (observing Eleventh Circuit Court of Appeals' precedent indicates lockdowns and lack of access to law library or legal materials not extraordinary circumstances); Robinson v. Dykes, Case No. 1:19-cv-132, 2020 WL 5038796, at *8 (N.D. Fla. June 19, 2020) (same). Even if Shaw's attorney had been negligent and provided incorrect advice, this is no reason for equitable tolling. Forrester v. United States, Case Nos. CV615-141, CR614-001, 2016 WL 4097788, at *2 (S.D. Ga. Apr. 14, 2016) (quoting Bing v. United States, Nos. CV415-002, CR412-084, 2015 WL 4092699, at *2 (S.D. Ga. July 6, 2015) ("Habeas petitioners are routinely denied equitable tolling for untimeliness caused by legal ignorance, low intellect, lack of counsel, or outright attorney negligence.")). Consequently, Shaw is not entitled to the equitable tolling of the applicable statute of limitations period, and his § 2255 Motion is time barred.[1] Thus, the Court should **DISMISS** Shaw's § 2255 Motion.

---

[1] Shaw claims, in a conclusory manner, he is actually innocent of being an armed career criminal, thus entitling him to present claims outside of the statute of limitations. Doc. 1 at 8. Claims of actual innocence may allow review of claims even when a § 2255 motion is filed outside the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383 (2013). However, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536–37 (2006) (citation omitted). "[I]n cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley v. United States, 523 U.S. 614, 624 (1998). "The likely rational for Bousley's rule regarding a showing of actual innocence of foregone charges is that the defendant should not receive an unjustified windfall as a result of his guilty plea." Booth v. Thomas, No. 7:12-cv-0747, 2015 WL 400662, at *10 (N.D. Ala. Jan. 28, 2015) (citing United States v. Caso, 723 F.3d 215, 221–22 (D.C. Cir. 2013); and then citing Lewis v. Peterson, 329 F.3d 934, 937 (7th Cir. 2003)). Shaw fails to point to any

### III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Shaw leave to appeal *in forma pauperis*. Though Shaw has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the

---

new evidence indicating he is actually innocent of the count to which he pleaded guilty or anything to support a claim he is actually innocent of the dismissed charges. What is more, even accepting Shaw's conclusory claim of actual innocence, his claim amounts to one of legal innocence, not factual innocence, and would not provide him with relief. See McKay v. United States, 657 F.3d 1190, 1198 (11th Cir. 2011) (finding claim of erroneous sentencing as a career offender one of legal, not factual, innocence, as Bousley requires); Marion v. United States, Case No. 2:13-cv-598, 2:06-cr-90, 2016 WL 3421570, at *2 (M.D. Fla. June 22, 2016) (same).

6

Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Shaw's § 2255 Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Shaw a Certificate of Appealability, Shaw is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** in forma pauperis status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Shaw's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Shaw a Certificate of Appealability and *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the motion must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

      **SO REPORTED and RECOMMENDED**, this 24th day of June, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA